■ In the Matter of CHARLOTTE S. STEVENS, as Guardian of the Person and Property of JAMES E. BRENNAN, an Infant, Appellant, v. JOHN B. BRENNAN, Respondent.— Per Curiam. Appeal from so much of an order of the Supreme Court at Special Term as fixed the value of the legal services rendered by petitioner's attorney at $350, upon finding unreasonable the attorney's request for an allowance of $1,500. The services were rendered in effecting collection, after litigation, of an infant's claim for the proceeds of group life insurance policies aggregating $8,250 issued upon the life of his mother, whose death occurred at the hands of his father, who was convicted of manslaughter in the first degree upon his plea of guilty of that crime in satisfaction of an indictment charging him with murder, first degree. The guardian approves the requested fee and the husband and father, who initially claimed the proceeds of the policies, opposes the allowance thereof. The Special Term decision proceeded very largely on the basis of legal distinctions and supposed conflicts of interest as between petitioner's two representative capacities (that of administratrix and that of guardian) which we find unwarranted and unreal. The basic reality is that the attorney's services were successfully directed to obtaining the funds for the infant, after his father made claim to them, and in resisting the father's demands therefor (see Riggs v. Palmer, 115 N. Y. 506) whether made by him as the nominal beneficiary of the policies or as a nominal distributee of his wife's estate, which the insurer considered the possible contingent beneficiary. The attorney's complete success is not to be minimized by respondent husband's eventual capitulation. The record sustains neither the Special Term's conclusions with respect to the merits of the application nor its evaluation of the services. We accept the statement of the attorney, an able and respected officer of the court, that his services required 200 hours of time and voluminous correspondence, at least 15 conferences with opposing counsel and the court, the conduct of two actions in the Supreme Court and of the necessary proceedings in the Surrogate's Court. We take it from the statement

in appellant's brief that the attorney seeks no allowance for the services subsequently rendered in connection with the fee application and upon this appeal and, under the circumstances, we consider that his position in this respect is correct. Order modified, on the law and the facts, so as to provide that the attorney's fee be allowed and paid in the amount of $1,500 and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*